UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
MICHAEL DEMOLA,

            Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 18-CV-5281-FB

**BLOCK, Senior District Judge:**

    Plaintiff Michael Demola ("Demola") received disability benefits after the Social Security Administration's ("SSA's") denial of his application was vacated by a mutual stipulation of the parties endorsed by the Court. His attorney, Christopher J. Bowes ("Bowes"), now seeks approval of his contingency-fee agreement for 25% of Demola's past-due benefits, or $22,967.50. Bowes's unopposed request for fees is granted contingent upon his refund of the fee award he received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

    18 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum;

1

(2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). To determine whether a requested fee award that falls within the 25% cap constitutes a windfall, the Court should consider: (i) the expertise and ability of the lawyers and whether they were particularly efficient; (ii) the nature and length of the professional relationship with the claimant, including any representation at the agency level; (iii) the satisfaction of the disabled claimant; and (iv) how uncertain it was that the case would result in an award of benefits and the efforts required to achieve the outcome. *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Bowes's requested fee award is no greater than the 25% maximum and there is no allegation of fraud or overreach. As to the windfall assessment, there are no objections to Bowes's expertise or the quality of his representation. He has represented Demola since October 2018 after Demola received an unfavorable decision from an Administrative Law Judge, which was affirmed by the Appeals Council. Next, there is no evidence of any concerns regarding Demola's satisfaction with Bowes's representation of him or the successful outcome of the matter. Lastly, there was uncertainty as to whether Demola would be found disabled after his claim was initially denied at the administrative level.

The Court finds that the 33.6 hours spent on Demola's case were reasonable.

The effective hourly rate of Bowes's representation is $683.56 per hour. This is well within the range of hourly fees approved by courts in this circuit. *See, e.g., Baron v. Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100); *Fields*, 24 F.4th 845, 856 (2d Cir. 2022) (finding reasonable a fee request at a de facto hourly rate of $1,556.98).

Therefore, the Court approves disbursement of the fee award to Bowes in the amount requested. However, because Bowes previously received a $7,000 fee award under the EAJA, he must first refund this amount to Demola as required by the statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186)). Contingent upon the refund of $7,000 to Demola, the Commissioner of Social Security is ordered to disburse $22,967.50 to Bowes.

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 12, 2022